UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

RUSHELLE EXETER,

                        Plaintiff,                        **FIRST AMENDED COMPLAINT AND JURY DEMAND**

             -against-                           13 Civ. 03339 (NGG)(MDG)

                                                                         ECF CASE

THE CITY OF NEW YORK, a municipal corporation;
POLICE OFFICER RONALD JEANCHARLES
(Shield Number 14950), in his individual and official
capacities,

                        Defendants.
-------------------------------------------------------------------------X

      Plaintiff, Rushelle Exeter, by her attorney, Steven E. Lynch, alleges for her complaint against the defendants as follows:

### PRELIMINARY STATEMENT

    1.    Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. §1988 for violations of her civil rights guaranteed by the Constitutions of the Unites States and the State of New York.

### JURISDICTION

    2.    This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 and the Fourth and Fourteenth Amendments to the United States Constitution.

    3.    Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

    4.    Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any and all state constitutional or common law claims that are so related to the claims within the original jurisdiction of this court that they form part of the same controversy.

Plaintiff has satisfied all procedural prerequisites with respect to her state law claims: Plaintiff served notice of claim upon the City within ninety (90) days of the incident underlying his claims and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although thirty (30) days have elapsed since service of her initial notice of claim, the City has not adjusted or paid such claim.

## VENUE

5. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b)(2), in that this is the District in which the events or omissions underlying the claim arose.

## JURY DEMAND

6. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

7. Plaintiff is an African-American female and was at all relevant times a citizen of the City and State of New York.

8. Defendant, the City of New York, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9. Defendant, the City of New York, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

10. At all times hereinafter mentioned, the individually named defendant, P.O.

Ronald JeanCharles, was a duly sworn police officer of said department and was acting under the supervision of said department and according to their official duties.

11. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant City of New York.

## **FACTS**

14. On March 15, 2012, at approximately 4:00 p.m., plaintiff entered a computer repair store in the vicinity of 903 Dekalb Avenue, Brooklyn, New York, to retrieve the plaintiff's laptop computer.

15. Anita Peavey, owner of the computer repair store, informed plaintiff that the plaintiff's computer was not repaired.

16. After waiting over three (3) months for the computer repair, plaintiff requested that Ms. Peavey return plaintiff's laptop to plaintiff.

17. When Ms. Peavey refused to return plaintiff's laptop, the plaintiff called 9-1-1.

18. Plaintiff waited outside the computer repair store for the police to arrive.

19. Upon arrival of the police, plaintiff explained to Police Officer Ronald JeanCharles that Ms. Peavey refused to return plaintiff's property to plaintiff.

20. Police Officer JeanCharles instructed plaintiff to wait outside of the computer repair store while Police Officer JeanCharles and his partner speak to the store owner.

21. Approximately ten (10) minutes later, Police Officer JeanCharles and his partner exited the computer repair store and asked plaintiff about her receipt.

22. Plaintiff explained that plaintiff did not have a receipt because plaintiff did not purchase the computer from the repair shop. Then, plaintiff, Police Officer JeanCharles, and his partner entered the computer repair store.

23. Plaintiff and Ms. Peavey discussed plaintiff's laptop in front of Police Officer JeanCharles.

24. Police Officer JeanCharles told plaintiff to take Ms. Peavey to small claims court.

25. Plaintiff asked Police Officer JeanCharles for a police report.

26. Police Officer Jean Charles told plaintiff to leave the store.

27. Plaintiff asked why she had to leave the store since plaintiff called the police.

28. Plaintiff said "forget it" and started exiting the store.

29. Before plaintiff could leave the computer repair store, Police Officer JeanCharles grabbed plaintiff's hair and pushed plaintiff out of the computer repair store and into a parked car.

30. At no point did plaintiff threaten Ms. Peavey, nor did plaintiff commit any other offense.

31. Police Officer JeanCharles exited the computer repair store, charged at plaintiff, grabbed plaintiff's arm, and slammed plaintiff to the ground three (3) times.

32. While transporting plaintiff to a police vehicle, Police Officer JeanCharles grabbed the side of plaintiff's neck, choking the plaintiff.

33. Police Officer JeanCharles transported plaintiff to the New York City Police

Department's 79th precinct, located at 263 Tompkins Avenue, Brooklyn, New York.

34. At the 79th precinct, Police Officer JeanCharles exited the driver's side of the police vehicle. After opening the rear driver's side door of the police vehicle, Police Officer JeanCharles grabbed handcuffs attached to plaintiff's wrists and pulled plaintiff out of the police vehicle from the rear passenger side seat.

35. As a result of Police Officer JeanCharles aforementioned actions, plaintiff suffered broken fingernails plaintiff's nails, cuts on her hands, injury to her wrist, injury her back, and injury to her lip from a ripped facial piercing. Plaintiff was transported to Woodhull Hospital and diagnosed with a sprained wrist among other injuries.

36. After plaintiff was released from jail, plaintiff continued to receive medical treatment for her lower back pain, was diagnosed with injured discs in her spine, and suffered an anxiety attack.

**FIRST CAUSE OF ACTION**
*42 U.S.C. § 1983 - Fourth and Fourteenth Amendment Violations
for Excessive Force*
(Against the Individual Officer Defendant)

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

38. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

39. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

41. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

42. The level of force employed by defendants was objectively unreasonable and in violation of the plaintiffs' constitutional rights.

43. As a result of the foregoing, plaintiff sustained, inter alia, bodily injuries, emotional distress, embarrassment and humiliation, and deprivation of her constitutional rights.

## SECOND CAUSE OF ACTION
New York Common Law
(Against all Defendants)

44. Plaintiff repeats, reiterates, and realleges paragraphs 1 through 42 as if fully set forth herein.

45. By the actions described above, the City and the Individual Officer Defendant, jointly and severally, have committed the tortious acts of assault and battery under the laws of the State of New York.

46. The foregoing acts and conduct of defendants were a direct and proximate cause of injury and damage to plaintiff and violated the common law rights guaranteed to her by the law of the State of New York.

## THIRD CAUSE OF ACTION
Respondeat Superior
(Against the City of New York)

47. Plaintiff repeats, reiterates, and realleges paragraphs 1 through 45 as if fully set forth herein.

48. The Individual Officer Defendant was an employee of the City at the time of the incidents alleged herein and was acting at all relevant times within the scope of his employment with the City.

49. The City is therefore vicariously liable for the tortious acts as described and alleged herein of the Individual Officer Defendants under the common law doctrine of respondeat superior.

## FOURTH CAUSE OF ACTION
*42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations for False Arrest*
(Against the Individual Officer Defendant)

50. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51. As a result of defendants' aforementioned conduct, plaintiff was subjected to an illegal, improper, and false arrest by the defendants' and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the defendants in criminal proceedings, intentionally, willfully, and with malice, and without probable cause, privilege or consent.

52. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety, was humiliated and subjected to handcuffing, and other physical restraints, without probable cause.

WHEREFORE, plaintiff demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages, one million dollars ($1,000,000.00) in punitive damages, plus attorney's fees, costs, and disbursements of this action

Dated: New York, New York
       January 13, 2014

By: /s/
_____
Steven E. Lynch
Attorney for Plaintiff
The Law Offices of Steven E. Lynch
233 Fifth Avenue, Suite 4A
New York, New York 10016
(T) (718) 858-8737
(F) (718) 690-3593
stevenelynch@gmail.com